**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| CARL GENE LEE, SR., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF UTAH et al., <br><br> Defendants. | Case No. 2:07-CV-654 TC <br><br><br> **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT** |

Plaintiff, Carl Gene Lee, Sr., an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2008). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

**ANALYSIS**

**I. Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Plaintiff's Allegations

Although styled as a civil rights suit under § 1983, Plaintiff's Complaint appears to challenge the validity of Plaintiff's conviction and confinement on various grounds, making it more akin to a habeas corpus petition. The Complaint does not clearly identify the legal basis for Plaintiff's claims, instead, it merely describes, in vague terms, various alleged deficiencies in Plaintiff's criminal proceedings. Specifically, Plaintiff

alleges that the prosecutor in his criminal case was remotely related to Plaintiff's step-daughter; that the court lost certain transcripts or documents necessary to Plaintiff's defense; and, that Plaintiff's defense counsel was ineffective.

The Complaint names as defendants the State of Utah, the judge who presided over Plaintiff's criminal proceedings, the prosecutor and two attorneys appointed to represent Plaintiff in various capacities.  The only relief sought in the Complaint is release from incarceration and "[a] fair court hearing free from autocracy and consel [sic] that is fair and not prejudice [sic]."

### III. Sufficiency of Plaintiff's Complaint

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that "habeas corpus is the *exclusive* remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 480-82 (emphasis added).  Under *Heck*, claims for damages or release from confinement based on unconstitutional imprisonment are not cognizable under § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated.  *Id.* at 487.  Specifically, before filing a civil rights suit the plaintiff must "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

Although the specific facts surrounding Plaintiff's claims are far from clear, it is obvious that the relief sought in his Complaint cannot be granted without undermining the validity of Plaintiff's conviction, sentence, or confinement, as prohibited under *Heck*. Plaintiff's Complaint explicitly seeks a determination that various aspects of his criminal prosecution, conviction and state appeals process were unconstitutional. Because Plaintiff's claims are inextricably linked to the validity of his conviction and confinement, the Court finds they are not cognizable under § 1983 absent a showing that his conviction or confinement have previously been invalidated through proper channels. Plaintiff has not made such a showing. Thus, the Court concludes that Plaintiff's claims are precluded under *Heck* and Plaintiff's Complaint must be dismissed for failure to state a claim on which relief can be granted.

**ORDER**

Based on the forgoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice for failure to state a claim on which relief can be granted.  *See* 28 U.S.C.A. § 1915(e)(2)(B)(ii) (2008).

DATED this 14th day of August, 2008.

BY THE COURT:

_____
Tena Campbell, Chief Judge
United States District Court